**Order filed January 26, 2012.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-11-01021-CV
_____

**BILLIE LEON STRINGHAM, Appellant**

**V.**

**CHASE HOME FINANCE, LLC, Appellee**

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 378597-401**

## O R D E R

No record has been filed in this appeal. According to information provided to this court, this is an appeal from a summary judgment signed October 27, 2011. Appellant filed his notice of appeal on November 21, 2011. Appellant also filed an affidavit of indigence the same day. On November 22, 2011, the County Clerk of Harris County filed a contest to appellant's affidavit of inability to pay costs. A hearing on the contest was scheduled for December 8, 2011. On January 6, 2012, the County Clerk of Harris County advised this court that to date, there has been no ruling made or order signed on the County Clerk's contest.

Texas Rule of Appellate Procedure 20.1 governs the procedure to be followed when a party seeks to appeal without the advance payment of costs. Rule 20.1(i) provides that the trial court must either conduct a hearing or sign an order extending the time to conduct a hearing within 10 days after the contest was filed. Tex. R. App. P. 20.1(i)(2). The time for conducted a hearing must not be extended for more than 20 days from the date the order extending the hearing is signed. Tex. R. App. P. 20.1(i)(3). If the trial court has not signed an order sustaining the contest within the period set for the hearing, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs. Tex. R. App. P. 20.1(i)(4).

In this case, the contest to appellant's affidavit was filed more than two months ago. The time period to sign an order sustaining the contest has long passed. Accordingly, we issue the following order:

The allegations in appellant's affidavit of indigence are deemed true and appellant is allowed to proceed without the advance payment of costs. *See* Tex. R. App. P. 20.1(i)(4). The County Clerk for Harris County is ordered to file a clerk's record in this appeal containing the documents listed in Texas Rule of Appellate Procedure 34.5(a) on or before **February 13, 2012**.

PER CURIAM